Good morning, your honors, and may it please the court. My name is Tina Malik, and I am arguing on behalf of the petitioner in this case, Mr. Juan Cisneros. This is a case of procedure versus substance. A motion to reopen and a motion to reissue may be sought via a motion to reopen, and the regulations provide that the board is authorized to take any action consistent with their authorities under the act and regulations. So we must look at what the requirements are for a motion to reopen and what the purpose of the relief being sought is. In this case, the petitioner was seeking reissuance based on ineffective assistance of counsel. If you look at the board's decision, there are two major points. The board states the petitioner did not introduce new evidence or new material or allege error in the board's or I.J.'s decisions. I'm going to come back to that a little later in my argument. I want to lead with the board acknowledged that being deprived of appellate proceedings entirely will mandate a rebuttable presumption of prejudice, but that the petitioner here did not demonstrate plausible grounds for relief. So the question here is, and what I think this case hinges on, is does the failure to show plausible grounds for relief rebut the presumption of prejudice when evaluating in the context of a motion to reissue? So what's the significance of the presumption? The significance of the presumption of prejudice? Yes. How does it work? In this particular context, the petitioner was prejudiced, is presumed to be prejudiced by the fact that he missed his chance to appeal to this court. Okay, so he's presumed to be prejudiced, so then he still has to show that he suffered prejudice or that he has a plausible claim? Well, according to what the board states, it is accurate that there is a rebuttable presumption of prejudice. Why does he have to rebut? Does he have to rebut the presumption? Well, I think it depends on in what context you're looking, because there is a distinction between a motion to reopen. For example, in the context, if you file it based on ineffective assistance of counsel of the underlying proceedings, or if you're trying to introduce new evidence, or if you're citing new case law, for example, you need to reopen on that basis. Counsel, isn't it the same two-prong analysis that we would apply in any other ineffective assistance of counsel claim? You have to show basically material omission or act by counsel that violates standard of representation in the community. But secondly, you have to show prejudice in order to make out a cognizable claim. Doesn't he bear the burden on both prongs here? It's not enough just to trigger the presumption. We'll give you that. But he has to show he has a plausible claim for benefits. And it seems to me that's where the agency ruled that he fell flat. So that's actually precisely my argument and where I was getting to next. It's the petitioner's position that the legal requirements for reopening in the context of a motion to reissue alone does not mandate a showing of plausible grounds for relief. So can I read you from Rojas Garcia, our decision? We said that the alien must show plausible grounds for relief. Siong, we said that the next question is whether the petitioner has demonstrated plausible grounds for relief. Derringer, we said certainly the claimants must show plausible grounds for relief. Maybe we got it wrong. I understand there's some logical inconsistency with giving a presumption but then requiring a showing of plausible relief. But we've said this over and over and over again. Well, I understand what the court's saying. I don't think there's an inconsistency in Rojas Garcia, which is what the board relies on and what the respondent in this case relies on and is asking this court to apply that standard in this case. And this court did hold that the movement must show plausible grounds for relief. And that's entirely logical in the context of a traditional motion to reopen because it prevents frivolous motions, ensures that reopening is only granted in cases where there is a valid basis for relief. Well, why wouldn't that apply here? Ineffective assistance of counsel. If there's ultimately going to be no relief, if the claim ultimately is not good, then why doesn't the same analysis apply? You're asking for an exception for ineffective assistance of counsel, at least in the context of missing the deadline. Is that what you're doing? Sort of. I think why is it different? Because in this case, respondents sought a motion to reissue, which is entirely procedure procedural in nature. In all those other cases in Rojas Garcia and Derringer, those were not motions to reopen based on reissuance. They had other substantive issues as well. This is a purely procedural issue. Well, it's a procedural issue in order to overcome a procedural default, the failure to timely file. So really, the only purpose of moving to reopen was to restart the time clock through the reissuance of the opinion in order to address the defalcation by former counsel. Isn't that the situation that we're looking at? Yes, and I think this case is entirely distinguishable from all the other cases that this court has decided. But if the board looked at his record and said he's going to be statutorily ineligible because of his criminal activities, how is that an abuse of discretion to refuse to reopen if the only reason to do so is to restart the time clock? Well, that wasn't the situation here. It wasn't denied for statutory eligibility based on a criminal conviction. In Rojas Garcia, it was. There was a criminal matter, and Mr. Rojas Garcia was seeking reconsideration of the judge's admissibility finding, which resulted in the denial of his adjustment of status. So in this case, if our petitioner was seeking to reopen, for example, based on a changed circumstance or based on the fact that the court made the wrong finding with respect to a criminal conviction, then it would be logical to require a showing that those circumstances would have affected the outcome of proceedings and that he would have a strong likelihood of success on the merits. But there was none of those challenges that were present in any of the other cases before this court here. You're correct in Rojas Garcia involved, I guess it was negotiations to purchase cocaine. But here the IJ found he was not credible because his proposed social group witness to criminal activity was not sufficient to establish nexus to a protected ground. And so the agency found that he'd not carried his burden of showing that he would have been successful on appeal. Why isn't that a sufficient justification to find no abuse of discretion in denying reopening? The petitioner in this case had litigated a matter before the court and then filed a notice of appeal, filed a brief and fully litigated the merits of that case, and then was seeking to have this court review the board's decision substantively, but he missed that deadline. So that's what I think is the major distinguisher here, the nature of the relief and the way his motion was styled. It was styled as a motion to reopen. So the way, you know, the way I read the cases is that when it comes to a situation like this where the petitioner's counsel failed to file a notice of appeal or a petition for review with our court, the petitioner is deprived of judicial review. Is that right? That's right. Right. And so our case law says in that instance we presume prejudice because you didn't get an opportunity to have judicial review. Right? Right. Okay. So here it seems like if there's a presumption, at least to me logically, the way I've always seen a presumption work, and maybe it's different in the immigration context, but our case law doesn't seem to suggest that, but that somebody needs to, the government or government's counsel, somebody needs to rebut the presumption because it is a rebuttable presumption. And here it doesn't look like the government offered anything, didn't oppose the motion, didn't offer anything, and there's nothing in the record of the BIA's decision that it examined the underlying decision. All it said was that the petitioner did not offer anything to show that there was a plausible claim. And that, to me, doesn't, none of that makes sense to me. But Rojas seems to say that that's okay. So what do we do? I think the key difference, as I stated before in this case and between Rojas and all the other cases, is the way the motions were styled. Because if you file a motion to reopen based on changed circumstance, you have to meet a certain set of requirements. If you file based on ineffective assistance of counsel, based on the merits of the proceedings, you have to meet a certain set of requirements. This motion was styled as a motion to reopen and reissue. And we don't have any case law on point. And the regulations are very unclear with respect to motions to reissue. Can I ask a question? Maybe this will put a finer point on it. Have we, I mean, we have the Rojas cases, you know, that line of cases. Can you cite us any case in any context where we have applied the presumption but not required some showing of plausibility? Now, to Judge Paez's point, there's some logical inconsistency here. But as I read our cases, I don't see us ever not requiring some showing of plausibility. It may dilute the presumption. It may negate the presumption. But have we ever actually just relied on the presumption without a showing of plausibility? And can you show a case? Truthfully, no, I can't. But I can distinguish all the other cases.  I think there's a procedural difference in all the other cases. And we don't have any case law on point. I understand. And obviously your case would be better if you could point us to anything where we hadn't required plausibility. I mean, look, we may need to fix this. I mean, as I understand it, most other circuits have flatly rejected a presumption. So maybe our case law is wrong in giving this false hope and stating a presumption standard and then never actually applying it. I think the presumption standard is entirely logical depending on the context. In almost every other motion to reopen, it's entirely logical. Otherwise, people would file frivolous motions as a dilatory tactic. Right. But doesn't Rojas answer the question about whether the presumption standing alone is sufficient to trigger a right to pursue the appeal? I'm looking at page 826 of 339F3rd in Rojas where we cite to Derringer, and then we said, quote, after holding that failure to file a timely position created a presumption of prejudice, we then acknowledge that the alien must show plausible grounds for relief, end quote. And then we cite to Jimenez-Morloho, 104F3rd, 1083, a 1996 opinion. I mean, that seems to me to stand squarely in the way of the argument that you're pursuing. I hate to repeat myself, Your Honor, but I agree that it says that, but I think there is a major distinguisher between Derringer and Rojas. They weren't just asking for a resetting of the clock. There were major substantive issues in those cases as well. But it does seem to say that he's got to show both. It's not enough to show that his counsel missed the deadline. He's got to show a plausible ground for relief in order to show entitlement. It does say that. And, again, I think it's because Rojas Garcia can be distinguished. The relief sought in Rojas Garcia can be distinguished from the relief sought here. Okay. We'll give you time for rebuttal. Thank you. I know you feel like you're repeating yourself, but we're trying to grapple with a thread and needle as well, so thank you. We wrestle with these cases just as much as you do, believe me. Good morning, Your Honors. May it please the Court. It's Sana Lee representing the Attorney General. Could you speak up a little bit, Counsel? Yes. So can I just start out? I think Judge Paez sort of asked this. What the heck does the presumption mean? I mean, it is odd that we've adopted this presumption and then we said, yeah, but you still bear the burden. I mean, have we really just read the presumption out of our case law? Well, the presumption, like Your Honors have stated, in Rojas clearly says that the burden is on the petitioner to show plausible grounds. So what work is the presumption doing, if any? Well, okay, so there's the presumption that they were prejudiced because the attorney missed a deadline for an appeal. What about my analogy to the two-prong ineffective assistance of counsel analysis? Doesn't it answer prong one, that there was a breach of ethical obligation to effectively represent your client by timely filing a petition for review, but then you still have to show that as a result of that ineffective assistance, you were prejudiced? But in this case, the second, in immigration cases, it means you've got to show a plausible ground for relief. Right, Your Honor. That's correct. But the petitioner does need to make that showing. And in this case, the petitioner did not even attempt to make that showing or incorrectly claim that the plausible grounds for relief was that he missed his opportunity to file a petition for review. Isn't this situation a little bit different, though? Because the ineffective assistance of counsel has to deal with the failure to file a petition for review in the United States Court of Appeal. In other words, the ineffectiveness deprived the petitioner of the opportunity to receive judicial review. Yes, Your Honor. I'm sorry, what could you – Isn't that different? Isn't that different? I mean, isn't that – Our case law just seems to focus on that. The failure to file a key document is what triggers the real presumption. Like an appeal. Yeah, like an appeal. Like this case. Like an appeal. They didn't file a petition for review on time, so we dismissed it when they filed it late, and they were deprived of judicial review. Isn't that really what the concern is? Yes, yes, that's it. But I guess our cases still require some plausible relief, even if you had filed it correctly. Right, Your Honor. So, yes, the petitioner wants that review, wants the judicial review, but he has to show why it matters that his attorney missed the deadline for the petition for review. Well, in our case law, we presume that it matters. So why does he have to – I mean, why doesn't the government come back with an argument and say, hey, there's nothing here? You presume that it matters to a certain extent. Or if the board had said in denying the motion, look, we have examined the record thoroughly, and there's nothing here. Well, I don't think the board was required to examine the record again in denying the motion to reopen because it already examined it. Obviously, that's what – I think there's something to what you just said there because they just said he didn't do anything, and therefore, you know. Right. Motion denied. Am I reading this – I'm looking at the BIA decision, and paragraph three says that the respondent argues that he experienced past persecution in Mexico and has a well-founded fear of persecution on account of his membership in a particular social group composed of witness to criminal activity. We need not address whether the respondent testified credibly and sufficiently corroborate his testimony in as much as he did not establish membership in a cognizable particular social group. That is the plausible claim to the extent he alleges he has one, is it not? Well, right. The board did look at the merits of his claimed entitlement to relief and said, we just don't see it. Right. In the underlying appeal, right, the board rejected his claim. They didn't reject it just because his attorney missed the appeal. Right. In the underlying appeal before the board, the board addressed all the merits on asylum and protection under the Convention Against Torture and denied it on the merits, both forms of those applications. But he could argue in front of us that the board's decision was wrong, correct? But he hasn't. Well, that's the problem. He hasn't argued anything about the board's decision. I thought he had a presumption. Well, I think the presumption is that his attorney caused this error but he still has to show that getting the judicial review would have mattered. None of it makes sense to me. I understand that. Because the presumption doesn't seem to be doing any work. That's what I find frustrating. Right. Yeah, I think some of the cases are, you know, the rebuttal is a bit unclear, but Rojas does say that the petitioner has to show plausible hands. There's a mem dispo. I forget what it was. I think it was Mendoza v. Ashcroft where they did basically apply the presumption. There was no rebuttal by the government, and they just let the case go forward. Right. I mean, it's not a presidential case. Mendoza? I don't think I'm familiar with that one. I'm shocked you don't read all of our mem dispos. I have read a few. Just to be clear, that was facetious. Right. I have read some, though, including Carrillo, I think was a recent case from 2024 where the court denied a motion to reissue in this particular circumstance. I asked opposing counsel, you know, getting off of this issue of presumption, are there any cases, any examples? I guess Judge Paez was throwing out this mem dispo. Are there others where we have not looked? We've just relied on the presumption. We have not looked at the plausibility of the claim. We couldn't hear any from opposing counsel, so I'm wondering if you, with your full candor to the court, might point us in that direction. I don't believe I've come across any case like that. Okay. What about other circuits? Now we're going way afield. But how do other circuits apply this? Do they apply a presumption? Are you aware of any circuits or any cases outside of our court that apply a presumption but then don't require, either don't apply a presumption or apply a presumption and don't require plausibility? Well, I'm actually, I haven't looked at all of the other circuits. But I do, I did cite a Second Circuit unpublished case where the court upheld the board's decision in denying a motion to reissue where the petitioner made no argument that a petition for review had any likelihood of success. Is that the Tarwadi case? No, this is Wen Feng Chi. It's an unpublished Second Circuit case. But isn't the answer to Judge Paez's question about what work is the presumption doing, the mere missing of the deadline is ineffective assistance of counsel. It's malpractice from an insurance standpoint for an attorney to miss a filing deadline that deprives his or her client of the right to appeal. So the presumption of ineffective assistance is then triggered by missing the deadline. But our cases seem to say, and you also look at whether or not there were plausible grounds for relief. Right, Your Honor. In order to show that there was prejudice. So I think the presumption does have some work to do. It avoids the need to call witnesses, expert witnesses, to say, hey, it's malpractice to miss a filing deadline. Right, it makes that part easy to determine. It establishes that there was ineffective assistance of counsel. Correct, Your Honor. And so the noncitizens, their burden is to show that, okay, we presume this, that there was ineffective assistance of counsel, but they have to explain why it matters that they missed the opportunity to obtain judicial review or an appeal before the board. And in this case, the petitioner made no effort whatsoever. So it's not clear, or based on this record, he wouldn't have been able to show that he's eligible for asylum because the board and the immigration judge applied Ninth Circuit case law stating that his particular social group was not cognizable. What about that? I mean, so Judge Paya suggested that it's the government's responsibility to come in and rebut the presumption, but could the board also rebut the presumption? I mean, and maybe that's what Judge Tallman was suggesting by reading that, that the board said, okay, maybe the board says, well, we'll give you the presumption, but we've looked at this and you don't have any. There's no plausible claim here. So is that a rebuttal of the presumption? It seems as though that's what the board decided here. They could just say it. Rebutted the presumption or that there was just no prejudice? I mean, that's the second prong of the ineffective assistance of counsel analysis in criminal cases. Well, I think the prejudice and the plausible grounds for relief are just wrapped up together. Or the conclusion that there was no prejudice, even though his counsel was ineffective by not timely filing an appellate brief or a notice of appeal. Right, Your Honor. So he was not able to show prejudice in this case because he didn't explain why the underlying case, if there were any errors in the case or pointing to any particular evidence, like evidence that his particular social group was socially distinct. That's something that maybe he could have done or pointed to some kind of legal error maybe in the board's decision. But he didn't do any of that. And so it's not clear why he would want to go forward and what he would offer as far as any arguments or evidence about his claims for asylum and withholding and protection under the Convention Against Torture. So, Your Honors, the petitioner clearly did not meet his burden of showing plausible grounds for relief. And so he failed to show prejudice. And in the end, the board did not abuse its discretion because the decision did not show any arbitrariness or irrationality. The board acted well within its discretion in denying this motion to reopen. Thank you, counsel. Thank you. We'll give you time for rebuttal. Are you ready for rebuttal? I am. Okay, go ahead. The court's recitation of the board's January 2022 decision is correct. They considered the merits of the case in the underlying case and they dismissed the appeal. Based on the standard that the respondent in this case is asking the court to apply, every case that the board denies presumptively cannot show plausible grounds for relief because it was denied. That's what the purpose of petitioning for review is. I think the major issue here is that we don't have any regulations on point on the standards for motions to reissue. And it's been left to the courts to create that standard. And I'm asking the court today to recognize that the focus, when dealing with a motion to reopen in the context of a motion to reissue, is on procedural fairness, not on the merits of the underlying case. And in that unpublished Second Circuit case that the government cites, it is on a motion to reissue, but there's no analysis, no discussion of Lozada. The court only held that there was no actual prejudice established. Counsel, how do you square that argument with our traditional ineffective assistance of counsel case law? I mean, in a habeas petition, we don't grant a writ of habeas corpus to an inmate who may have suffered ineffective assistance of counsel for his lawyer missing a deadline, but he still has to show that he was prejudiced. And the prejudice usually is in the form of, I had evidence here that if it had been properly presented to the jury, would have raised a reasonable doubt or perhaps resulted in an opposite conclusion to my guilty conviction. So why should that be any different in the immigration context? I don't think it's different in the immigration context. I think it's different in the context of a motion to reissue. For example, in Flores versus Barr, 212C relief was denied, and the petitioner in that case filed a motion to reopen alleging ineffective assistance of counsel based on several deficiencies in the counsel's performance. For example, failure to apply for protection-based relief, challenge removability, failure to further develop the hardship. On that basis, the logical conclusion is to require a showing of likelihood of success on the merits and plausible grounds for relief based on what you're seeking. But here, none of that is being sought. It's simply to restart the clock for missing a deadline. And we don't have any case law or regulation on point, and that's what I'm asking the court to do here, is to create that standard in the context of motions to reissue because it is substantially different than ineffective assistance of counsel in all the other cases before this court. Okay. I think we have your argument. We appreciate both counsel's argument in this case, and the case is now submitted.
judges: PAEZ, TALLMAN, NELSON